**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**OXFORD DIVISION**

**UNITED STATES OF AMERICA**

**V.** **CASE NUMBER: 3:17CR00061-001 and 3:17CR00106-001**

**NAKERA HAMER** **DEFENDANT**

# MEMORANDUM OPINION

This matter comes before the Court on Petitioner Nakera Hamer's *pro se* Motions for Sentence Reduction/Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A). Hamer filed two motions in separate cases on March 26, 2024. The first motion is found in case 3:17cr61. [44] The second motion is found in case 3:17cr106. [16]. The government opposes the first motion found in 3:17cr61. [46], [49]. The second motion in 3:17cr106 remains unopposed. The Court has reviewed the record and the applicable law and is prepared to rule.

## I. FACTUAL BACKGROUND

In January 2018, Mr. Hamer plead guilty to Count one, in 3:17cr061, charging him with being in possession of a firearm after having been convicted of a felony and Count 1 in 3:17cr106 charging him with conspiracy to distribute more than 50 grams of methamphetamine. The Presentence Investigation Report ("PIR") reflects a total offense level of 39 and criminal history category of VI. *See* 3:17cr061 [46]. Mr. Hamer has three prior convictions and as a result, is a career offender under U.S. Sentencing Guidelines Section 4B1.1. *Id.* His sentencing guideline range was 360 months to life. *Id.*

On January 9, 2018, the Court imposed an 180-month term of incarceration for the drug offense and a concurrent 120-month term for the gun possession. The Bureau of Prisons ("BOP")

currently lists his projected release date as May 4th, 2030. *See* https://www.bop.gov/inmateloc. As it stands, Mr. Hamer is being held at Federal Correctional Institution-Hazelton in Bruceton Mills, West Virginia. Mr. Hamer has exhausted the required administrative remedies prior to filing his two motions.

## II. STANDARD OF REVIEW

"A judgment of conviction that includes a sentence of imprisonment constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010); 18 U.S.C. § 3582(b). The statutory framework for modifying a final judgment is outlined in 18 U.S.C. § 3582. Section 3582(c)(1)(A)(i) of Title 18 of the United States Code permits the Court to modify a term of imprisonment once it has been imposed if it finds that (1) the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of [thirty] (30) days from the receipt of such a request by the warden of the defendant's facility," (2) "extraordinary and compelling reasons warrant such a reduction," and (3) "a reduction is consistent with the applicable policy statements issued by the Sentencing Commission[.]" 18 U.S.C. § 3582(c)(1)(A)(i). Additionally, the court must take into consideration the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable. *Id.*

United States Sentencing Guidelines (U.S.S.G.) § 1B1.13, the applicable policy statement, states that the court has the discretion to "reduce a term of imprisonment if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable, the court determines that ... extraordinary and compelling reasons warrant the reduction." U.S.S.G. § 1B1.13(a)(1)(A). Section 1B1.13(b) of the U.S.S.G. sets forth the criteria for determining what qualifies as "extraordinary and compelling reasons." These include medical circumstances of the defendant,

the age of the defendant, the family circumstances of the defendant, whether the defendant was a victim of abuse, other reasons, and an unusually long sentence. U.S.S.G. § 1B1.13(b).

## III. DISCUSSION

Here, the parties do not dispute that Mr. Hamer exhausted his administrative remedies. The Court therefore proceeds to the merits.

### *A. Mr. Hamer's Extraordinary and Compelling Reasons*

Mr. Hamer argues that his medical conditions and the BOP's health care system, when combined with his rehabilitation efforts, constitute extraordinary and compelling reasons that warrant a sentence reduction. For medical conditions to qualify as a "extraordinary and compelling reason" under § 1B1.13(b) of the U.S.S.G., a defendant must be "suffering from a serious physical or medical condition" that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility" and from which the defendant "is not expected to recover." U.S.S.G. § 1B1.13(b)(1)(B). This section also states that extraordinary and compelling reasons exist if:

> (i) the defendant is housed at a correctional facility affected or at imminent risk of being affected by (I) an ongoing outbreak of infectious disease, or (II) an ongoing public health emergency declared by the appropriate federal, state, or local authority; (ii) due to personal health risk factors and custodial status, the defendant is at increased risk of suffering severe medical complications or death as a result of exposure to the ongoing outbreak of infectious disease or the ongoing public health emergency described in clause (i); and (iii) such risk cannot be adequately mitigated in a timely manner.

U.S.S.G. § 1B1.13(b)(1)(D). The policy statement in U.S.S.G. § 1B1.13 may guide a court's discretion, but it is not a binding constraint when considering compassionate release. *United States v. Cooper*, 996 F.3d 283, 288 (5th Cir. 2021).

In his motions, Mr. Hamer alleges that he has been neglected due to the conditions of the BOP's mis-managed healthcare system that has allowed him to become seriously ill. He notes that

he is suffering pain from a bone-on-bone injury located at hip joints and needs a hip replacement. He adds that the health care service system has delayed his hip-replacement and the only treatment he received is pain pills and injections. In its response, the government argues that Mr. Hamer's bone on bone joint pain does not rise to the level of "extraordinary and compelling reasons" for relief. The Court agrees.

A review of Mr. Hamers medical records reflects that while Mr. Hamer has complained of pain, he is scheduled for additional evaluation and is being medicated. His ailments are not terminal, do not prevent self-care, and do not carry risk of serious deterioration in health or death. His medical records show no evidence of particularly serious and severe medical conditions that would warrant release. Therefore, Mr. Hamer does not suffer from illnesses to the extreme extent required by § 1B1.13(b)(1)(B), and, based on his medical records, there is no extraordinary or compelling medical reason warranting sentence reduction.

*B. Application of Section 3553(a) Factors*

Even if extraordinary and compelling reasons existed, the § 3553(a) factors weigh against a sentence reduction. Mr. Hamer is a career offender for whom Congress directed lengthy sentences per the US Sentencing Commission. *See* 28 U.S.C. § 994(h). According to the PSR, he accumulated previous convictions before the instant offenses, including: unlawful possession of a firearm, domestic assault, evading arrest, possession with intent to distribute cocaine and possession of a weapon by a felon, sale of cocaine, and theft of a motor vehicle. This conduct reflects a pattern of recidivism. His behavior while incarcerated further weighs against relief. While in custody, Mr. Hamer was found guilty in July 2023 of failing to obey an order, possessing drugs and alcohol, refusing a work assignment, and twice possessing hazardous tools. This conduct

demonstrates continued disregard for rules and undermine arguments concerning rehabilitation and deterrence.

Considering the 18 U.S.C. § 3553(a) sentencing factors, "the history and characteristics of the defendant; the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; [and] to protect the public from further crimes of the defendant[,]" the Court finds that the original sentence remains appropriate. Requiring Mr. Hamer to serve the remainder of his sentence does "provide just punishment for the offense" and "adequate deterrence to criminal conduct." Mr. Hamer has not demonstrated extraordinary and compelling reasons warranting a reduction in his sentence, and the applicable § 3553(a) factors weigh against relief.

## CONCLUSION

For the reasons stated above,

IT IS, THEREFORE, ORDERED that Nakera Hamer's *pro se* Motions for Sentence Reduction [16] (3:17cr106) and [44] (3:17cr61) are DENIED.

SO ORDERED this 23rd day of September, 2026

/s/Michael P. Mills
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI